IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LEONDRE WALKER,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>TECUMSEH STATE INSTITUTION, and RASMUSSEN, Cpl.;<br><br>　　　　　　　Defendants. | 4:22CV3150<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Leondre Walker filed a Complaint on July 28, 2022. Filing No. 1. He has been given leave to proceed in forma pauperis. Filing No. 6. The Court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

**I. SUMMARY OF COMPLAINT**

Plaintiff, a prisoner presently confined at the Reception and Treatment Center, sues the Tecumseh State Correctional Institution ("TSCI") and Corporal Rasmussen, an employee at TSCI, for an assault that he suffered on December 6, 2017, in which he was attacked by five inmates. Liberally construed, Plaintiff alleges that Corporal Rasmussen and corrections staff failed to protect him from the assault. He seeks $1,000,000 in damages and to never be placed again at TSCI. Filing No. 1.

**II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW**

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion of it that states

a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION

The statute of limitations for 42 U.S.C. § 1983 actions is governed by the limitations period for personal injury cases in the state in which the cause of action arose. *Wallace v. Kato*, 549 U. S. 384, 387 (2007). In Nebraska, § 1983 actions are limited by a four-year statute of limitations. See *Montin v. Estate of Johnson*, 636 F.3d 409, 412-13 (8th Cir. 2011); Neb. Rev. Stat. § 25-207. Although state law establishes the statute of limitations for § 1983 actions, federal law controls on the issue of when the statute of limitations begins to run. *Wallace*, 549 U.S. at 388; *Montin*, 636 F.3d at 413. The standard rule is that accrual occurs when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief. *Wallace*, 549 U.S. at 388. Under that rule, the tort cause of action accrues, and the statute of limitations commences to run, when the plaintiff knew or should have known of the injury that forms the basis of the claim. *Id.* at 391. The statute of limitations is not tolled during a term of imprisonment absent "a showing of a recognizable legal disability, separate from the mere fact of imprisonment, which prevents a person from protecting his or her rights[.]" *Gordon v. Connell*, 545 N .W.2d 722, 726 (Neb. 1996).

Here, the causes of action accrued on December 6, 2017, the date on which Corporal Rasmussen and corrections staff allegedly failed to protect Plaintiff from the assault and the date of Plaintiff's injuries. See Filing No. 1 at 5–6. Plaintiff did not file the current action until July 28, 2022, approximately seven months after the four-year statute of limitations expired. The Court will allow Plaintiff an opportunity to show cause within 30 days why this case should not be dismissed as frivolous because the statute of limitations has run. See *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) (per

3

curiam) (district court can dismiss an in forma pauperis complaint if it is apparent the statute of limitations has run).

IT IS THEREFORE ORDERED that:

1. Plaintiff has 30 days to show cause why this case should not be dismissed as frivolous because the statute of limitations has run. Failure to do so will result in dismissal of this action without further notice to Plaintiff.

2. The Clerk's office is directed to set a pro se case management deadline in this matter with the following text: **August 18, 2023**: check for response to show cause order.

Dated this 19th day of July, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge