IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LEONDRE WALKER,<br><br>    Plaintiff,<br><br>vs.<br><br>TECUMSEH STATE INSTITUTION, and RASMUSSEN, Cpl.;<br><br>    Defendants. | 4:22CV3150<br><br>**MEMORANDUM AND ORDER** |

  This matter is before the Court on what the Court construes as Plaintiff Leondre Walker's response, Filing No. 9, to the Court's July 19, 2023 Memorandum and Order, Filing No. 8, directing Plaintiff to show cause why this case should not be dismissed as frivolous because the statute of limitations has run (the "Show Cause Order"). For the reasons that follow, Plaintiff has failed to show cause, and the Court will dismiss his Complaint with prejudice.

  Plaintiff filed his Complaint on July 28, 2022, in which he sued the Tecumseh State Correctional Institution ("TSCI") and Corporal Rasmussen, an employee at TSCI, for allegedly failing to protect him from an assault that he suffered on December 6, 2017. Filing No. 1. On July 19, 2023, the Court conducted an initial review of the Complaint and determined that Plaintiff's claims appeared to be filed outside the applicable four-year statute of limitations period. Filing No. 8. The Court ordered Plaintiff to show cause why this action should not be dismissed as untimely based on the applicable statute of limitations. *Id.* Plaintiff filed his response on August 31, 2023. Filing No. 9.

In his response, Plaintiff apologizes for his delay in sending his response to the Court, explaining that he was transferred from the Reception and Treatment Center ("RTC") to TSCI and RTC staff lost his legal paperwork. Plaintiff asks the Court to "grant my Complaint because obviously N.D.C.S. don't want me to win my case that's why I am asking y'all not to dismiss my complaint without prejudice plus I wanna transfer to Missouri where I was born at." Filing No. 9 (spelling and punctuation corrected).

Plaintiff's response does not address the untimeliness of his Complaint or suggest any reason why the statute of limitations should be tolled. Plaintiff has brought his claims pursuant to 42 U.S.C. § 1983. In Nebraska, § 1983 actions are limited by a four-year statute of limitations. *See Montin v. Estate of Johnson*, 636 F.3d 409, 412-13 (8th Cir. 2011); Neb. Rev. Stat. § 25-207. As the Court stated in the Show Cause Order, Plaintiff's causes of action accrued on December 6, 2017, more than four years prior to the date on which Plaintiff filed his Complaint on July 28, 2022. Filing No. 8 at 3. Nebraska's tolling statute, Neb. Rev. Stat. § 25-213, provides that the limitations period may be tolled under certain circumstances, including for periods of imprisonment. However, the Nebraska courts have interpreted section 25-213 to mean that a term of imprisonment does not toll the limitations period absent "a showing of a recognizable legal disability, separate from the mere fact of imprisonment, which prevents a person from protecting his or her rights." *Gordon v. Connell*, 545 N .W.2d 722, 726 (Neb. 1996).

As Plaintiff has not demonstrated any cause as to why his claims are not barred by the statute of limitations, the Court finds Plaintiff's claims are untimely and must be

dismissed. See *Myers v. Vogal,* 960 F.2d 750, 751 (8th Cir. 1992) (per curiam) (district court can dismiss an in forma pauperis complaint if it is apparent the statute of limitations has run).

IT IS THEREFORE ORDERED that:

1. This matter is dismissed with prejudice as frivolous because Plaintiff did not file his claims within the relevant statute of limitations period.

2. The Court will enter judgment by a separate document.

Dated this 3rd day of October, 2023.

BY THE COURT:

*/s/ Joseph F. Bataillon*

Joseph F. Bataillon
Senior United States District Judge